UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ETAN LEIBOVITZ,                        :

               Plaintiff,    :    15 Civ. 546 (LGS)(HBP)

   -against-                          :    OPINION
                                  AND ORDER
THE CITY OF NEW YORK, et al.,          :

               Defendants.   :

----------------------------------X

       PITMAN, United States Magistrate Judge:

       By motion dated July 1, 2016, plaintiff seeks to compel the City of New York (the "City") to produce certain documents (Docket Item ("D.I.") 85).  For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

       This is an action brought pursuant to the Eighth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983 and New York state law, in which plaintiff alleges that he was subjected to excessive force and an unreliable investigation and hearing concerning that use of force while a pretrial detainee in the Manhattan Detention Complex.  Plaintiff claims that he was injured as a result of the force used against him and that he spent seven days in punitive segregation as a result of the defendants' conduct.

There are certain prerequisites to bringing a motion to compel pursuant to Fed.R.Civ.P. 37. One of those prerequisites is the obligation to meet and confer with the party failing to provide discovery. Specifically, Federal Rule of Civil Procedure 37(a)(1) provides that

> [o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

To satisfy this requirement, the certification must "set forth . . . essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties," such as the names of the people who attempted to confer, the mode of communication, the dispute at issue and the date, time and results of the discussion. AIU Ins. Co. v. TIG Ins. Co., 07 Civ. 7052 (SHS)(HBP), 2008 WL 4067437 at *4 (S.D.N.Y. Aug. 28, 2008) (Pitman, M.J.) (alteration in original; internal quotation marks omitted), modified, 2009 WL 1953039 (S.D.N.Y. July 8, 2009) (Pitman, M.J.); see Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., 96 Civ. 7590 (DAB)(JCF), 1998 WL 67672 at *2-*3 (S.D.N.Y. Feb. 18, 1998) (Francis, M.J.). "A conclusory statement in an affidavit asserting that the movant fulfilled the

2

meet-and-confer requirement is insufficient." <u>Prescient Part-</u>
<u>ners, L.P. v. Fieldcrest Cannon, Inc.</u>, <u>supra</u>, 1998 WL 67672 at
*2, <u>citing</u> <u>Tri-Star Pictures, Inc. v. Unger</u>, 171 F.R.D. 94, 99
(S.D.N.Y. 1997) (Edelstein, D.J.). Nevertheless, "courts have
excused the meet-and-confer requirement where temporal exigencies
required speedy action and where efforts at informal compromise
would have been clearly futile." <u>Mason Tenders Dist. Council of</u>
<u>Greater N.Y. v. Phase Constr. Servs., Inc.</u>, 14 Civ. 6016 (ER),
2016 WL 7031625 at *11 n.16 (S.D.N.Y. Nov. 30, 2016) (Ramos,
D.J.) (internal quotation marks omitted); <u>Prescient Partners,</u>
<u>L.P. v. Fieldcrest Cannon, Inc.</u>, <u>supra</u>, 1998 WL 67672 at *3.

Plaintiff failed to comply with the requirements of
Fed.R.Civ.P. 37(a)(1). Plaintiff states, in his motion, in
unsworn and conclusory terms, that he "met and conferred with
Defendants' counsel in a good faith effort to resolve the discov-
ery matters that are [the] subject of this motion" (Plaintiff's
Motion to Compel Production of Documents, dated July 1, 2016
(D.I. 85) ("Motion to Compel"), at 2). However, he does not
provide any evidentiary support establishing that a meet-and-
confer actually occurred.[1] Nevertheless, plaintiff and the

---

[1]In plaintiff's memorandum of law in support of his motion,
plaintiff states that he called and emailed the City's counsel to
discuss the issues, and counsel "represented that he would
(continued...)

City's counsel have appeared before me several times and there is
clearly personal friction between them.  Given this friction, I
conclude that attempting to enforce the meet-and-confer require-
ment would do nothing to advance the action.  I shall, therefore,
excuse plaintiff's failure to comply with the meet-and-confer
requirement and proceed to the merits of the dispute.

As amended in December 2015, Federal Rule of Civil
Procedure 34(b)(2)(B) provides that the response to a request for
production "must either state that inspection and related activi-
ties will be permitted as requested or state with specificity the
grounds for objecting to the request, including the reasons."
(Emphasis added).

> General boilerplate objections are inappropriate and
> unpersuasive.  See A. Farber & Partners, Inc. v. Garbe-
> r, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or
> boilerplate objections such as 'overly burdensome and
> harassing' are improper -- especially when a party
> fails to submit any evidentiary declarations supporting

---

[1](...continued)
attempt to serve responsive documents once his clients were able
to locate the documents" (Motion to Compel, at 6 (emphasis in
original)).  However, statements in a memorandum of law have no
evidentiary weight.  Kulhawik v. Holder, 571 F.3d 296, 298 (2d
Cir. 2009) (per curiam) ("An attorney's unsworn statements in a
brief are not evidence."), citing INS v. Phinpathya, 464 U.S.
183, 188-89 n.6 (1984); Markowitz Jewelry Co. v. Chapal/Zenray,
Inc., 988 F. Supp. 404, 407 (S.D.N.Y. 1997) (Kaplan, D.J.)
("[T]estimonial evidence submitted on motions must be in the form
of affidavits or declarations.  Unsworn statements by counsel
simply will not do." (citations omitted)); see Mei Shu Cai v.
Holder, 524 F. App'x 752, 754 (2d Cir. 2013) (summary order).

4

> such objections."). The recent amendments to Rule 34
> make this particularly clear. <u>See</u> Fed.R.Civ.P.
> 34(b)(2)(B) ("For each item or category, the response
> must either state that inspection and related activi-
> ties will be permitted as requested or state with
> specificity the grounds for objecting to the request,
> including the reasons."). Defendants' initial responses
> consist solely of such boilerplate objections. Accord-
> ingly, they are plainly insufficient.

<u>Moser v. Holland</u>, No. 2:14-cv-02188-KJM-AC, 2016 WL 426670 at *3

(E.D. Cal. Feb. 4, 2016); <u>accord</u> 2015 Advisory Committee Notes to

Rule 26 (relocation of the proportionality requirement in 2015

amendment is not "intended to permit the opposing party to refuse

discovery simply by making a boilerplate objection that it is not

proportional"); <u>Nerium Skincare, Inc. v. Olson</u>, No. 3:16-cv-1217-

B, 2017 WL 277634 at *1 (N.D. Tex. Jan. 20, 2017) ("General or

boilerplate objections are invalid . . . ."); <u>Ramos v. Town of

East Hartford</u>, No. 3:16-cv-166 (VLB), 2016 WL 7340282 at *2 (D.

Conn. Dec. 19, 2016) ("The Court notes that the 2015 revision of

the Federal Rules precludes the use of the type of boilerplate

objections on which Defendants rely."); <u>Buskirk v. Wiles</u>, No.

3:15-03503, 2016 WL 7118288 at *2 (S.D. W. Va. Dec. 6, 2016)

("[O]bjections to Rule 34 requests must be stated specifically

and boilerplate objections regurgitating words and phrases from

Rule 26 are completely unacceptable."); <u>Keycorp v. Holland</u>, No.

3:16-cv-1948-D, 2016 WL 6277813 at *11 (N.D. Tex. Oct. 26, 2016)

("[B]oilerplate objections are improper and result in waiver of

the unsupported objections."); <u>State Farm Mut. Auto. Ins. Co. v.</u>
<u>Universal Rehab Servs., Inc.</u>, No. 15-10993, 2016 WL 5369610 at *2
(E.D. Mich. Sept. 26, 2016) ("Generally, boilerplate objections
without support are improper."); <u>Asphalt Paving Sys., Inc. v.</u>
<u>General Combustion Corp.</u>, No. 6:15-cv-49-Orl-41TBS, 2016 WL
3167712 at *2 (M.D. Fla. June 7, 2016) ("The Court does not
consider frivolous, conclusory, general, or boilerplate objec-
tions."); see <u>Orix USA Corp. v. Armentrout</u>, No. 3:16-mc-63-N-BN,
2016 WL 4095603 at *2 (N.D. Tex. Aug. 1, 2016) (in responding to
a subpoena duces tecum, "general or boiler-plate [or unsupported]
objections" are prohibited (alteration in original)).

The City lists general, boilerplate objections to each
of plaintiff's requests for production.  Because such objections
violate Fed.R.Civ.P. 34(b)(2)(B), they are stricken.

I now turn to the specific requests in issue.

<u>Seventh Request for Production of Documents</u>

1. Inmates' Mug Shots, defined as "the mug shots
pertaining to the inmates in 4 South on the day of
[the] incident"

2. DOC's Notice of Infraction Form, defined as
"DOC's Notice of Infraction form in its original au-
thentic state"

<u>Ruling</u>:  As discussed during a conference on July 5,
2016, plaintiff met with the City's counsel on June 17, 2016 so
that plaintiff could view photographs of the other inmates who

6

were housed in 4 South on the date of the incident.  Plaintiff
identified 11 potential witnesses from those photographs, and the
City has represented that it provided the names and last known
contact information of those witnesses (Letter from Richard
Bahrenburg, Esq., to the undersigned, dated July 15, 2016 (D.I.
86) ("Bahrenburg Letter"), at 2 n.2).  To the extent plaintiff
seeks the names and contact information of the inmates plaintiff
could not identify, plaintiff's motion is denied because the
information sought is irrelevant.  It does not make plaintiff's
allegations more likely or less likely true.

      With respect to plaintiff's second request, the City's
relevance objection is sustained.  A blank version of DOC's
Notice of Infraction form does not make plaintiff's allegations
more likely or less likely true.

<u>Eighth Request for Production of Documents</u>

      1. DOC's Policy, defined as "DOC's policy stating
protocol and the responsibility (ies) of DOC with
regards to documenting incident(s)"

      2. Chantel Winfrey's Executed Notice of Infraction
Forms, defined as "Notice of Infraction form(s) exe-
cuted by Chantel Winfrey's documenting [<u>sic</u>] inci-
dent(s)"

Ruling:  The City is to produce DOC's Policy regarding
the documentation of altercations between inmates and Correction
Officers.[2]

With respect to plaintiff's second request, the City is
to produce Chantel Winfrey's Executed Notice of Infraction form
documenting plaintiff's incident.  If the City cannot locate the
form, the City is to submit an affidavit explaining why it cannot
find the form and detailing the City's efforts to locate it.

The foregoing materials shall be produced within 14
days of the date of this Order.

Ninth Request for Production of Documents

1. Notice of Appeal, defined as "Mr. Leibovitz's
appeal to Captain Perry's Decision with regards to the
disciplinary hearing that was held on December 2nd,
2013, pertaining to Notice of Infraction.  The Notice
of Appeal includes Leibovitz's affidavit in support and
Legal Arguments"

2. Notice of Appeal Determination, defined as
"Warden Carl Newton's December 30th, 2013 Notice of
Appeal Determination to Etan Leibovitz Appeal for
Notice of Infraction 829-13"

Ruling: The City states that it is continuing to search
for both of the foregoing documents (Bahrenburg Letter, at 2).
The City is to produce both the Notice of Appeal and the Notice

---

[2]The City had responded to plaintiff's request for DOC's
Policy by referring plaintiff to the Department of Correction's
website.  This is not production of a document, as required by
Rule 34(b)(2)(E).

of Appeal Determination.  If the City cannot locate these no-

tices, it is to submit an affidavit explaining why it cannot find

them and detailing its efforts to locate the documents.  The

foregoing materials shall be produced within 14 days of the date

of this Order.

Tenth Request for Production of Documents

     1. DOC's Notice of Infraction Form, defined as
"all variations of DOC's Notice of Infraction form in
its original blank state"

     2. Chantel Winfrey's Executed Notice of Infraction
Form(s), defined as "Notice of Infraction form(s)
executed by Chantel Winfrey documenting incident(s) of
various inmates for the past 10 years"

     3. List of Korey Davis' Lawsuit(s), defined as
"lawsuit(s) where Korey Davis is a defendant, sued
while acting under color of law in his capacity as a
Correction Officer"

     4. List of Chantel Winfrey's Lawsuit(s), defined
as "lawsuit(s) where Chantel Winfrey is a defendant,
sued while acting under color of law in her capacity as
a Correction Officer"

Ruling:  The City's relevance objection to plaintiff's

first request is sustained.  All variations of DOC's Notice of

Infraction form in their original blank states do not make

plaintiff's allegations more likely or less likely true.

The City's relevance objection to plaintiff's second

request is sustained.  Notice of Infraction forms executed by

9

Chantel Winfrey documenting incidents for the past 10 years are irrelevant.[3]

　　　With respect to plaintiff's third and fourth requests, the City supplemented its responses to "state that, upon information and belief, Chantel Winfrey has not been a party to a lawsuit prior to this instant matter, and Korey Davis, upon information and belief, has been named as a defendant in the matter of Robert Ruiz v. City of New York, et al., 02-CV-9123 (MBM)" (Bahrenburg Letter, at 2). Because such information is in the City's possession, custody or control, there is no reason for the City's response to be based on information and belief. In addition, I have learned from other actions in which the Office of the Corporation Counsel represents the City that that office maintains a computerized listing of actions brought against the City and its employees. Therefore, the City must provide lists of actions brought against C.O. Davis and C.O. Winfrey within 14 days of the date of this Order.

---

[3]The City also objects to this request, in part, on the grounds that it seeks information which is sealed pursuant to New York Criminal Procedure Law § 160.55. However, "New York state law does not govern discoverability and confidentiality in federal civil rights actions." King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988).

The Clerk of the Court is respectfully requested to close Docket Item 85.

Dated:    New York, New York
          February 3, 2017

                              SO ORDERED


                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies sent to:

Mr. Etan Leibovitz
Apt. 207
83-19 141st Street
Briarwood, New York  11435

Kathryn Maria Sprovieri, Esq.
New York City Law Department
100 Church Street
New York, New York  10023

Richard Bahrenburg, Esq.
New York City Law Department
100 Church Street
New York, New York  10007

11