```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ETAN LEIBOVITZ,                     :

                 Plaintiff,         :    15 Civ. 546 (LGS)(HBP)

     -against-                      :    ORDER

THE CITY OF NEW YORK, et al.,       :

                 Defendants.        :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/18

PITMAN, United States Magistrate Judge:

I write to resolve several discovery disputes that have arisen between the parties.

    1. I conducted a status conference in this matter on January 31, 2018 during which defendants' requests for medical releases were discussed. Plaintiff stated on the record that he had no objection to providing the releases, and I issued a written Order on February 1, 2018 directing plaintiff to provide releases for medical records regarding his eyes, right arm and right wrist by February 9, 2018. To date, plaintiff has not provided the releases. Plaintiff is ordered to provide the releases to defendants' counsel no later than April 4, 2018 or his action will be dismissed. To the extent defendants seek releases regarding plaintiff's left arm

and wrist, their application is denied. There is no claim in this action for injuries to those body parts; defense counsel's statement that injuries to plaintiff's left arm and wrist were in issue in another action (which has been dismissed) does not explain how they are in issue here.

2. Defendants' counsel has also submitted evidence that in plaintiff's telephone conversations with defense counsel and messages left for defense counsel, plaintiff has used crude, vulgar language; among other things, plaintiff has referred to defendants' counsel as "corrupt motherfuckers." Although a pro se plaintiff "is entitled to some latitude generally, . . . he is not entitled to any latitude when it comes to threatening and inappropriate conduct. . . . His unfamiliarity with the legal process is no excuse for threatening physical force, disparaging counsel, using profanity . . . ." Cameron v. Lambert, 07 Civ. 9258 (DC), 2008 WL 4823596 at *4 (S.D.N.Y. Nov. 7, 2008) (Chin, then D.J., now Cir. J.). Defense counsel need not return any phone messages from plaintiff that contain inappropriate language and counsel may terminate any calls that contain such

2

language.[1]  If plaintiff persists in using inappropriate, crude or profane language in his communications, sanctions will be imposed which may include the dismissal of this action with prejudice. Cameron v. Lambert, supra, 2008 WL 4823596 at *4 ("Pursuant to its inherent power, a court may impose sanctions against a party for act[ing] in bad faith, vexatiously, wantonly, or for oppressive reasons and for misconduct during the course of litigation." (inner quotations and citations omitted)).

3.  Plaintiff has sent a number of emails to my Courtroom Deputy, Mr. Cancellarich.  I do not accept emails from litigants or attorneys, and I have not read or considered plaintiff's emails to Mr. Cancellarich. If plaintiff wishes to raise any discovery issue, he is

---

[1] Plaintiff has repeatedly stated in open court that he is an honors graduate of the State University of New York at Binghamton, one of the finest universities in the state.  Given his academic record, he should not have any difficulty in discerning what language is appropriate.

either to file a letter through the Pro Se office or fax a letter to my chambers at (212)805-6111.

Dated: New York, New York
March 27, 2018

SO ORDERED

*[signature]*

HENRY PITMAN
United States Magistrate Judge

Copy mailed to:

Mr. Etan Leibovitz
Apt. 207
83-19 141st Street
Briarwood, New York  11435

Copy transmitted to:

Counsel for Defendants