USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ETAN LEIBOVITZ,  :

              Plaintiff,  :  15 Civ. 546 (LGS)(HBP)

  -against-  :  REPORT AND
                                           RECOMMENDATION
THE CITY OF NEW YORK, et al.,  :

              Defendants.  :

------------------------------------X

       PITMAN, United States Magistrate Judge:

       TO THE HONORABLE LORNA G. SCHOFIELD, United States District Judge,

I. Introduction

       By notice of motion dated November 15, 2018 (Docket Item ("D.I.") 129), defendants move to dismiss this action for failure to prosecute and repeated failures to comply with the Court's Orders. Plaintiff has not submitted any opposition to the motion. For the reasons set forth below, I respectfully recommend that defendants' motion be granted and that the matter be dismissed with prejudice.

II. Facts

       Plaintiff was formerly a pre-trial detainee in the custody of the New York City Department of Correction and brings

this action pursuant to 42 U.S.C. § 1983 alleging that he was the victim of excessive force and deprived of due process in subsequent disciplinary proceedings. Specifically, plaintiff claims that he was unnecessarily sprayed with mace, placed in a choke hold and subsequently roughed up; he claims to have suffered physical injuries to his eyes and right arm.

I held a status/discovery conference on January 31, 2018 at which defendants sought medical releases for plaintiff's eyes and right arm. Plaintiff stated that he had no objection to producing the releases, and I issued an Order dated February 1, 2018 directing plaintiff to provide defendants with releases for medical records regarding plaintiff's eyes, right arm and right wrist no later than February 9, 2018 (Order, dated Feb. 1, 2018 (D.I. 106)). My February 1 Order further provided:

> ***NOTA BENE: DUE TO THE AGE OF THIS MATTER, THE DEADLINES SET FORTH HEREIN ARE FINAL AND WILL NOT BE FURTHER EXTENDED EXCEPT FOR UNFORESEEABLE AND DOCUMENTED MEDICAL EMERGENCIES. THE PRESS OF OTHER BUSINESS, LEGAL OR NON-LEGAL, PERSONAL OR PROFESSIONAL, WILL NOT CONSTITUTE SUFFICIENT CAUSE FOR AN EXTENSION.***

(Italics, bold-faced type and underlining in original.)

Plaintiff did not provide the releases as ordered (Declaration of Joseph Rizza, Esq., dated Nov. 15, 2018 (D.I. 130) ("Rizza Decl.") ¶ 4 & Ex. B thereto).

On February 23, 2018, counsel for defendants wrote to me, advising of plaintiff's failure to provide the releases as ordered and further advising that in his telephone communications

with defendants' counsel, plaintiff used vulgar and profane language, referring to defendants' counsel as a "corrupt motherfucker"[1] (Rizza Decl. Ex. B).

Plaintiff did not respond to defendants' letter, and I issued another Order on March 27, 2018 in which I stated "Plaintiff is ordered to provide the releases to defendants' counsel no later than April 4, 2018 or the action will be dismissed" (Order, dated Mar. 27, 2018 (D.I. 109) ¶ 1). My March 27 Order further provided:

> Defendants' counsel has also submitted evidence that in plaintiff's telephone conversations with defense counsel and messages left for defense counsel plaintiff has used crude, vulgar language; among other things, plaintiff has referred to defendants' counsel as "corrupt motherfuckers." Although a pro se plaintiff "is entitled to some latitude generally, . . . he is not entitled to any latitude when it comes to threatening and inappropriate conduct. . . . His unfamiliarity with the legal process is no excuse for threatening physical force, disparaging counsel, using profanity . . . ." Cameron v. Lambert, 07 Civ. 9258 (DC), 2008 WL 4823596 at *4 (S.D.N.Y. Nov. 7, 2008) (Chin, then D.J., now Cir. J.). Defense counsel need not return any phone messages from plaintiff that contain inappropriate language and counsel may terminate any calls that contain such language.[1] If plaintiff persists in using inappropriate, crude or profane language in his communications, sanctions will be imposed which may include the dismissal of this action with prejudice. Cameron v. Lambert, supra, 2008 WL 4823596 at *4 ("Pursuant to its inherent power, a court may impose sanctions against a party for act[ing] in

---

[1] Defendants' counsel provided me with a recording of the call which was a voice mail message plaintiff left for defendants' counsel (Rizza Decl. Ex. B). Thus, there can be no dispute that plaintiff used the language quoted in the text.

3

bad faith, vexatiously, wantonly, or for oppressive
reasons and for misconduct during the course of
litigation." (inner quotations and citations omitted)).

---

[1] Plaintiff has repeatedly stated in open court that he
is an honors graduate of the State University of New
York at Binghamton, one of the finest universities in
the state. Given his academic record, he should not
have any difficulty in discerning what language is
appropriate.

(Order, dated Mar. 27, 2018 (D.I. 109) ¶ 2).

Again, plaintiff failed to produce the releases as ordered, and he continued to use inappropriate language in his telephonic communications. On April 5, 2018, defendants' counsel wrote to me again, advising me that plaintiff had still failed to produce the releases and that plaintiff was continuing to use vulgar language in his telephone communications. Specifically, counsel advised me that plaintiff left a voice mail for defendants' counsel in which plaintiff stated "a red flag d[id] not go up in Mr. fucking Pitman's head, why, because he doesn't know what the case is about . . . tell your bosses to go fuck themselves, corrupt motherfuckers" (Rizza Decl. ¶ 7 & Ex. D thereto). Defendants sought dismissal of the action.

On April 9, 2018, I ordered plaintiff to submit a response to defendants' April 5 letter by April 20, 2018 (Order, dated Apr. 9, 2018 (D.I. 115)). Plaintiff did not submit any

4

substantive response,[2] and defendants' counsel wrote to me again on April 23, 2018 seeking dismissal of the action (Rizza Decl. Ex. E).

In an effort to ensure that plaintiff, who was proceeding pro se, had an opportunity to be heard, I issued yet another order on May 10, 2018 advising plaintiff that if he wished to respond to either of defendants' letter motions seeking dismissal of the action, he must do so by May 22, 2018 (Order, dated May 10, 2018 (D.I. 118)). Plaintiff did not submit a response by May 22, but he did write to me on May 31, 2018 advising that he would be submitting a response by June 11, 2018 (Letter to the undersigned from Etan Leibovitz, dated May 31, 2018 (D.I. 122)). However, plaintiff did not submit a response by June 11 or at any time thereafter.

On June 28, 2018, defendants wrote to me again seeking dismissal of the action. In addition to citing plaintiffs' ongoing failure to provide the medical releases, defendants advised that plaintiff was persisting in his use of inappropriate, vulgar language in communicating with defendants' counsel. Specifically, defendants' counsel advised that plaintiff left another voice mail message on June 6, 2018 in which he stated

---

[2]Plaintiff did send an email to my courtroom deputy at 12:59 p.m. on April 20, 2018 in which he stated he would be faxing a response to defendants' letter by 7:00 p.m. on April 20, 2018 (Rizza Decl. Ex. E). No such fax was ever received.

5

"this shows how fucking corrupt your Office is or stupid you guys are . . . This is not going to end well. I'm going to expose you mother fuckers. . . . You're going to lose your fucking law degree, Mr. fucking Rizza or your fucking job" (Rizza Decl. ¶ 11 & Ex. F thereto at 3).

After receiving defendants' June 28 letter, my deputy made repeated efforts to reach plaintiff to schedule oral argument on defendants' application, but his calls to plaintiff were not returned. In late September, my deputy was finally able to speak with plaintiff, and oral argument was scheduled for November 14, 2018.

On the morning of November 14, my deputy received two emails from plaintiff stating, in substance, that he would not be attending oral argument because he had, instead, chosen to participate in a conference call concerning certain stock that he owned. Accordingly, I heard argument from defendants' counsel alone. Defendants' counsel confirmed the facts set forth above and sought dismissal for the reasons stated in his prior letters. Because defendants had previously raised their requests for dismissal by letter only and because they were seeking the ultimate sanction, I directed them to proceed by a formal motion that included an affidavit or declaration establishing the facts recited above.

III. <u>Analysis</u>

Plaintiff's prolonged and unjustified failure to comply with my Orders to produce releases and his crude and inappropriate language in his communications with defense counsel, after being admonished to cease such behavior, clearly warrants dismissal of his action.

> Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." <u>Lucas v. Miles</u>, 84 F.3d 532, 535 (2d Cir. 1996). No single factor is generally dispositive. <u>Nita v. Connecticut Dep't of Envtl. Prot.</u>, 16 F.3d 482, 485 (2d Cir. 1994).

<u>Baptiste v. Sommers</u>, 768 F.3d 212, 216 (2d Cir. 2014); <u>accord</u> <u>Jefferson v. Webber</u>, --- F. App'x ---, 2019 WL 2505370 at *3 (2d

Cir. June 18, 2019) (summary order).³ Although no single factor is dispositive, plaintiff's conduct here ticks all the boxes.

More than a year has gone by since plaintiff was ordered to provide the releases. In that time, he has neither produced the releases nor has he provided any explanation for his failure to do so despite being repeatedly prompted. See Yadav v. Brookhaven Nat'l Lab., 487 F. App'x 671, 673 (2d Cir. 2012) (summary order) (failure to comply with an order for a matter of months may warrant dismissal).

Second, my Order of March 27, 2018 expressly warned plaintiff that a failure to provide the releases would result in dismissal.

Third, the failure to provide the releases prejudices defendants. Plaintiff is claiming physical injuries as a result of the individual defendants' use of allegedly excessive force. Releases for a plaintiff's pertinent medical records are a fundamental part of the discovery in any action seeking recovery for physical injuries. Defendants have been unable to depose plaintiff concerning his claimed injuries as a result of plain-

---

³Because the present motion has its origin in plaintiff's failure to comply with a discovery order, it might appear that Rule 37 rather than Rule 41 is the more appropriate basis for defendants' motion. However, where a party fails to comply with a discovery order, the aggrieved party has the option of proceeding under either Rule 37(b) or Rule 41(b). Watkins v. Marchese, 13 Civ. 3267 (GBD)(SN), 2015 WL 4605660 at *16 n.19 (S.D.N.Y. July 31, 2015) (Daniels, D.J., affirming Netburn, M.J.) (collecting cases).

tiff's failure to provide the releases (see Endorsed Order, dated April 24, 2018 (D.I. 117)). In addition, where, as here, the delay is prolonged, prejudice may be presumed. Thompson v. Rising Star Beauty Salon Inc., 15-CV-3716 (RRM)(RER), 2017 WL 3887870 at *2 (E.D.N.Y. Sept. 5, 2017) (collecting cases).

Fourth, plaintiff has had multiple opportunities to comply with my discovery Order and has neither complied nor provided any justification for his failure to do so. Without the releases, the case cannot go forward and will continue to languish.

Fifth, no lesser sanction is adequate. The releases are important evidence regarding the issue of the extent of plaintiff's alleged injuries. A monetary sanction will not replace the evidence. In addition, given the duration of plaintiff's recalcitrance and his overall conduct in this matter, it appears that a coercive sanction, such as a daily fine, would have little effect.

Thus, all the Baptiste factors demonstrate that dismissal is the appropriate sanction here.

In addition, even if dismissal were not warranted pursuant to Rule 41(b), it would be warranted under the Court's inherent power as a result of plaintiff's repeated use of profane language toward defendants' counsel. I fully appreciate that litigations can be contentious and emotions may, at times, run

9

high. In the heat of the moment, a litigant or an attorney may lose his or her temper and make an intemperate remark. Such conduct, although inappropriate, would probably not warrant a sanction, especially if followed by an apology. Plaintiff, who has frequently advised me that he was an honors graduate of one of the finest universities of New York's state university system, repeatedly left telephone messages for defendants' counsel containing crude, vituperative remarks after being admonished not to do so. Because plaintiff's comments were left as voice mail messages, they could not have been provoked by defense counsel and cannot be justified as "heat of the moment" remarks. The fact that plaintiff engaged in this misconduct on multiple occasions over a period of time is further evidence that his conduct was deliberate and not the result of a momentary lapse in judgment or loss of control.

> It may be that, [a pro se litigant] is entitled to some latitude generally, but he is not entitled to any latitude when it comes to threatening and inappropriate conduct. See Segarra v. Messina, 153 F.R.D. 22, 30 (N.D.N.Y. 1994) ("pro se status will not shelter a litigant from sanctions"). His unfamiliarity with the legal process is no excuse for threatening physical force, disparaging counsel, using profanity, and becoming so angry that he is lifting and dropping furniture. . . .
>
> Pursuant to its inherent power, a court may impose sanctions against a party for "act[ing] in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (citations omitted), and for "misconduct during the course of litigation." Milltex Indus. Corp. v. Jacquard Lace Co., 55 F.3d 34, 37-38 (2d Cir. 1995). In

> addition, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the
> Court is authorized to dismiss a suit filed <u>in forma
> pauperis</u> "at any time" if it determines that the action
> is "frivolous or malicious." <u>See</u> <u>Nelson v. Eaves</u>, 140
> F. Supp. 2d 319, 322 (S.D.N.Y. 2001) (dismissing <u>pro se</u>
> action filed <u>in forma pauperis</u> where plaintiff wrote
> abusive, demeaning, and threatening letters to defense
> counsel).

<u>Cameron v. Lambert</u>, 07 Civ. 9258 (DC), 2008 WL 4823596 at *4 (S.D.N.Y. Nov. 7, 2008) (Chin, then D.J., now Cir. J.); <u>see also</u> <u>Nelson v. Eaves</u>, 140 F. Supp. 2d 319, 322-23 (S.D.N.Y. 2001) (Chin, then D.J., now Cir. J.) (dismissing complaint with prejudice where <u>pro se</u> plaintiff wrote ten "abusive, demeaning, and threatening" letters over the course of two months to opposing counsel, which "reveal[ed] malice and an intent to harass").

Plaintiff's repeated comments, deliberately made, are indefensible. He persisted in using foul and profane language after being told not to do so. This misconduct constitutes an additional ground for dismissal.

## IV. <u>Conclusion</u>

Accordingly, for all the foregoing reasons, I respectfully recommend that defendants' unopposed motion to dismiss pursuant to Fed.R.Civ.P. 41(b) (D.I. 129) be granted and that the action be dismissed with prejudice.

V.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. See also Fed.R.Civ.P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court with courtesy copies delivered to the Chambers of the Honorable Lorna G. Schofield, United States District Judge, 40 Foley Square, Room 201, New York, New York 10007 and to the Chambers of the undersigned, 500 Pearl Street, Room 1670, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Schofield. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir.

1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983) (<u>per</u> <u>curiam</u>).

Dated: New York, New York
       August 27, 2019

                                Respectfully submitted,

                                HENRY PITMAN
                                United States Magistrate Judge

Copy mailed to:

Mr. Etan Leibovitz
# 207
83-19 141st Street
Briarwood, New York 11435


Copy transmitted to:

Counsel for Defendants